IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. ______________________

CHRISTOPHER CONE,

Plaintiff,

v.

MEDICAL IMAGING HOLDINGS, INC., a Delaware Corporation; CONSENSYS IMAGING SERVICE, INC., a Delaware Corporation, GALEN PARTNERS IV, a Delaware Limited Partnership, GALEN PARTNERS V, a Delaware Limited Partnership, GALEN INTERNATIONAL IV, GALEN INTERNATIONAL V, a Delaware Limited Partnership, GALEN EMPLOYEE IV, a Delaware Partnership, DAVID JAHNS, DAVID AZAD, BILL WILLIAMS, JEFF SOINSKI,

Defendants.

---

**NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. §§ 1441 and 1446 and D.C. Colo. LCivR. 81.1, Defendants Medical Imaging Holdings, Inc. ("MIH"); Consensys Imaging Services, Inc. ("CIS"); Galen Partners IV, Galen Partners V, Galen International IV, Galen International V, and Galen Employee IV (together, the "Galen Partners"); and Messrs. Jahns, Azad, Williams, and Soinski (together with MIH, CIS, and the Galen Partners referred to herein as "Defendants") remove this action from the Jefferson County District Court to this Court. This Court has original jurisdiction over this action because there is now, and was at the time of commencement of the action, complete diversity of citizenship among the properly joined parties and because the amount in controversy exceeds $75,000. No properly joined Defendant is, or was at the time the suit was commenced, a citizen of the State of Colorado.

In support of their Notice of Removal, Defendants state as follows:

1. Plaintiff Christopher Cone commenced this action in the District Court of Jefferson County, Colorado, on or about March 5, 2015, by filing a Complaint against Defendants.

2. On March 23, 2015, counsel for Defendants executed a Waiver and Acceptance of Service of the Complaint, effective March 23, 2015.

3. Pursuant to that Waiver and Acceptance of Service, the parties agreed that Defendants would have until May 15, 2015 to answer, move, or otherwise respond to the Complaint.

4. Pursuant to 28 U.S.C. § 1446, Defendants have 30 days following service – or until April 22, 2015 – to file a notice of removal.

5. In accordance with D.C.COLO.LCivR 81.1, copies of all pleadings, motions, and other papers in the state court action to date are attached hereto as **Exhibits A** through **F**. **Exhibits A** through **F** are the Notice and Order to File JDF 601 Case Cover Sheet Pursuant to C.R.C.P. 16.1 Simplified Procedure; Case Information Cover Sheet; District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint Counterclaim, Cross-Claim or Third Party Complaint; Complaint; Waiver and Acceptance of Service; and Delay Reduction Order, respectively.

6. Plaintiff Christopher Cone ("Plaintiff" or "Cone") is a shareholder of MIH and was a co-founder of Echoserve, LLC, the assets of which were acquired by Echoserve, Inc. ("Echoserve"), one of the companies that would be combined to create MIH in or around 2009. Upon information and belief, Plaintiff is now, and was at the time of the commencement of this action, a citizen of Colorado. *See* Compl. ¶¶ 3, 20.

7. Defendant MIH is now, and was at the time of the commencement of this action, a Delaware corporation. Plaintiff alleges that MIH's principal place of business is in Stamford, Connecticut. Compl. ¶ 1.

8. Defendant CIS is now, and was at the time of the commencement of this action, a Delaware corporation with its principal place of business in Cary, Illinois.[1] Compl. ¶ 2.

9. Defendants Galen Partners IV, Galen Partners V, Galen International IV, Galen International V, and Galen Employee IV are now, and were at the time of the commencement of this action, Delaware Limited Partnerships with their principal places of business in Stamford, Connecticut. Compl. ¶ 4.

10. Defendant David Jahns is a Managing Partner of Galen Partners and has been a member of the Boards of Directors of Echoserve, MIH, Unisyn, and CIS. Mr. Jahns is now, and was at the time of the commencement of this action, a citizen of Connecticut. Compl. ¶ 5.

11. Defendant David Azad was a Managing Director of Galen Partners and, during the time period 2006 to 2014, has served on the Boards of Directors of Echoserve, MIH, Unisyn, and CIS. Mr. Azad is now, and was at the time of the commencement of this action, a citizen of New York. *See* Compl. ¶ 6.

12. Defendant Jeffrey Soinski was the Chief Executive Officer of Unisyn. Mr. Soinski was a Special Venture Partner of Galen Partners and, in 2009, was appointed to the Boards of Directors of MIH, Unisyn, and CIS. Mr. Soinski is now, and was at the time of the commencement of this action, a citizen of Utah. *See* Compl. ¶¶ 7, 33.

---

[1] CIS was previously known as Echoserve and as Unisyn Medical Technologies ("Unisyn"). Because Defendants' Notice of Removal is based on Plaintiff's allegations, Defendants have not corrected or clarified all of Plaintiff's misstatements or mischaracterizations concerning the status of and relationship among these entities, or concerning certain Defendants' roles at the entity presently known as CIS.

13. Defendant Bill Williams is a Special Venture Partner of Galen Partners and has been a member of the Boards of Directors of Echoserve, MIH, and Unisyn. Mr. Williams is now, and was at the time of the commencement of this action, a citizen of Colorado. Compl. ¶ 8.

14. The citizenship of Bill Williams, joined as a Defendant in this action, should not be considered in determining diversity of citizenship pursuant to 28 U.S.C. § 1441. Mr. Williams was improperly or fraudulently joined for the sole purpose of preventing, or attempting to prevent, the defendants from removing the case to federal court on the basis of diversity of citizenship.

**Factual Background Alleged in Complaint**

15. The allegations of the Complaint arise from a series of arm's-length transactions involving the 2006 sale of a controlling stake in Echoserve, to Galen Fund IV; the 2009 acquisition of Echoserve by MIH and the contribution by MIH of certain assets of Sonora Medical Systems ("Sonora") and Barrington Medical ("Barrington"); Plaintiff's purchase of $500,000 in preferred stock in MIH immediately prior to MIH's acquisition of Echoserve and the assets of each of Sonora and Barrington; the 2013 sale of certain of the assets of Unisyn to GE Healthcare, Inc. ("GE"); and the use of proceeds from the sale of certain of Unisyn's assets to GE. These alleged transactions are outlined in greater detail below.

16. In 2005, Plaintiff co-founded Echoserve, LLC with two other individuals. Echoserve, LLC provided service and parts for medical diagnostic equipment. Echoserve, LLC sold all of its assets to Echoserve. *See* Compl. ¶¶ 13-14.

17. In late 2006, Galen Fund IV purchased 51% of the equity in Echoserve. Compl. ¶¶ 14, 16.

18. Plaintiff served as Chief Executive Officer of Echoserve following Galen Fund IV's purchase of a controlling interest in the business. *See* Compl. ¶¶ 16, 19.

19. In 2009, Galen Partners informed Plaintiff that MIH, a holding company that would be operated through its wholly owned subsidiary Unisyn, would acquire Echoserve, Sonora and Barrington. *See* Compl. ¶¶ 1, 20, 29.

20. Plaintiff was familiar with Sonora, having previously proposed to Galen Partners that Echoserve acquire it. *See* Compl. ¶ 19.

21. Following Plaintiff's review of certain pro-forma financial statements provided to the Galen Partners by the three entities – Echoserve, Sonora, and Barrington – that ultimately essentially combined to comprise MIH when MIH purchased all of the equity interest of Echoserve and acquired certain assets of Sonora and Barrington (and subsequently transferred such assets to Echoserve), Plaintiff purchased $500,000 worth of shares of MIH's Series A preferred stock. Plaintiff also was the owner of record of common stock in MIH which he received as consideration upon MIH's acquisition of the equity interest in Echoserve. *See* Compl. ¶¶ 20, 22, 25-27.

22. Following MIH's acquisition of Echoserve and the formation of Unisyn as MIH's operating entity, Plaintiff became the Chief Operating Officer and President of Unisyn. Plaintiff also served on MIH's Board of Directors as a common stockholder board representative. Compl. ¶¶ 29-30.

23. In May 2013, GE purchased certain of Unisyn's assets from MIH. Compl. ¶ 42.

24. Plaintiff was the common stockholder Board Representative of MIH during the time that GE purchased certain of Unisyn's assets from MIH pursuant to the terms of a

negotiated purchase agreement, which was approved by the board of MIH (including Plaintiff). Compl. ¶¶ 42, 44, 47.

**Claims Asserted in the Complaint**

25. In connection with this series of transactions culminating in the sale of certain of Unisyn's assets to GE, Plaintiff's Complaint asserts four causes of action: one cause of action against MIH for breach of the articles of incorporation (Count I) related to MIH's purported use of the proceeds from the sale of certain of Unisyn's assets to GE; two causes of action against the Galen Partners and Messrs. Jahns, Azad, Soinski, and Williams for breach of the fiduciary duties of loyalty and care (Count II) and for fraudulent misrepresentation (Count III); and one cause of action against the Galen Partners and Messrs. Jahns, Azad, and Williams for negligent misrepresentation (Count IV). *See* Compl. ¶¶ 86-112.

26. With respect to the breach of fiduciary duty claim asserted against certain of the Defendants, including Mr. Williams, Plaintiff alleges that Defendants breached their fiduciary duties by purportedly (i) misrepresenting the value of Unisyn, including the assets of Sonora and Barrington, and causing Plaintiff to rely on those misrepresentations; (ii) failing to disclose details concerning the planned use of proceeds from the sale of certain of Unisyn's assets to GE that would have been material to Plaintiff; (iii) making improper and/or undisclosed payments to certain executives pursuant to their employment agreements from the proceeds from the sale of certain of Unisyn's assets to GE; and (iv) causing MIH to breach its corporate charter by not distributing the proceeds from the sale of certain of Unisyn's assets to GE as required. *See* Compl. ¶¶ 93-94; *see also id.* at ¶¶ 25, 27-28, 31, 55-63.

27. With respect to the fraudulent misrepresentation claim asserted against certain of the Defendants, including Mr. Williams, Plaintiff alleges that Defendants purportedly made false representations and/or material omissions concerning (i) the value of Unisyn, including the assets

of Sonora and Barrington, and (ii) the planned use of proceeds from the sale of certain of Unisyn's assets to GE Healthcare, which Plaintiff relied on to his detriment. Compl. ¶¶ 96-103.

28. With respect to the negligent misrepresentation claim asserted against certain of the Defendants, including Mr. Williams, Plaintiff alleges that Defendants purportedly (i) supplied false information to Plaintiff "in guiding him in his business transactions and decision making process regarding his business interests in Echoserve, Unisyn, and MIH"; and (ii) failed to exercise reasonable care in obtaining and communicating information to Plaintiff, "particularly with respect to the pro forma financial statements for the combination of Echoserve, Barrington, and Sonora into Unisyn." Compl. ¶¶ 105-06.

**Fraudulent Joinder of Mr. Williams**

29. The joinder of a resident defendant against whom no cause of action is pleaded, or against whom there is in fact no cause of action, will not defeat removal. *See Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F. Supp. 1399, 1403 (D. Colo. 1989) (citing *Roe v. Gen. Am. Life Ins. Co.*, 712 F.2d 450, 452 & n.* (10th Cir. 1983); *Dodd v. Fawcett Public'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)).

30. In determining diversity jurisdiction, citizenship of all properly joined parties must be considered. *See, e.g.*, *Rodgers v. United Air Lines, Inc.*, No. 13-cv-00218, 2013 WL 1951673, at *1 (D. Colo. May 9, 2013) (citing *Frontier Airlines*, 758 F. Supp. at 1403). If the pleading "fails to state a cause of action against [the] resident defendant who defeats diversity, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent" and that party is disregarded in determining a court's jurisdiction. *See Frontier Airlines*, 758 F. Supp. at 1403-04; *accord Cornella Bros., Inc. v. Liberty Mut. Fire Ins. Co.*, No. 13-cv-0058-CMA-MEH, 2013 WL 1876770, at *2 (D. Colo. May 3, 2013).

31. To prove fraudulent joinder, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant or that there has been outright fraud in plaintiff's representations as to jurisdictional facts. *See Frontier Airlines*, 758 F. Supp. at 1404-05; *see also Nunn v. St. Paul Travelers*, No. CIV-A-05-CV01246, 2006 WL 827403, at *1 (D. Colo. Mar. 28, 2006) (denying motion for remand where non-diverse defendant was fraudulently joined). A court may look beyond the pleadings to determine whether the joinder was fraudulent. *See Frontier Airlines*, 758 F. Supp. at 1404-05; *see also Dodd*, 329 F.2d at 85 (in evaluating claim of fraudulent joinder, court may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available"); *accord Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967). In so doing, courts must decide whether there is a "reasonable basis to believe the plaintiff might succeed on at least one claim against a non-diverse defendant." *Nerad v. Astrazeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006). For a claim to have a reasonable basis, it must have a basis in the alleged facts and the applicable law. *See id.*

32. Here, there is no reasonable basis in law or fact for Plaintiff to recover against Mr. Williams on any claim pleaded in the Complaint.[2] If the citizenship of Mr. Williams is not considered, there is complete diversity of citizenship and removal is therefore proper.

33. Although the Complaint purports to assert three claims against Mr. Williams, it alleges no conduct by Mr. Williams, much less actionable conduct. Indeed, the Complaint is

---

[2] Indeed, the Complaint fails to state a claim for relief against any party, on any of the claims asserted by Plaintiffs, and Defendants intend to move to dismiss the Complaint in its entirety. *See* Fed. R. Civ. P. 12(b)(6). This failure is particularly pronounced with respect to Mr. Williams, against whom not a single factual allegation related to the complained-of conduct is made.

virtually devoid of any mention of Mr. Williams, making only the following specific allegations concerning him:

(a) Mr. Williams "was a 'Special Venture Partner' of Galen, and was appointed by Galen to the Echoserve, Inc. Board in 2006 and to the MIH and Unisyn Boards in 2009, and served on the MIH and Unisyn Boards until 2013. Defendant Williams was ostensibly an 'independent director,' but in reality he served the interests of Galen, serving at the will of Galen, acting in his capacity as a Galen 'Special Venture Partner.' Defendant Williams is a resident of Colorado," (Compl. ¶ 8);

(b) Mr. Williams, along with Messrs. Jahns, Azad, and Soinski, are "collectively referred to in this Complaint as the 'Galen Directors.' They served the interests of Galen Partners and were appointed to the Boards by Galen," (Compl. ¶ 9);

(c) Mr. Williams "lives in Colorado, and attended Board meetings for MIH and Unisyn in Colorado," (Compl. ¶ 10); and

(d) Mr. Williams, along with Defendants Jahns, Azad, and Soinski, "would remain in the Board meetings after dismissing Cone, the minority shareholder representative[,]" during the negotiation of the sale of certain Unisyn assets to GE (Compl. ¶ 47).

34. In a transparent attempt to destroy diversity of citizenship, Plaintiff tries to gloss over the Complaint's utter lack of allegations concerning Mr. Williams's purported involvement in the complained-of transactions by lumping together Messrs. Jahns, Azad, Williams, and Soinski and referring to them collectively as "Galen Directors." Compl. ¶ 9.

35. Plaintiff's attempt to obfuscate the factual distinction between Messrs. Jahns, Azad, Williams, and Soinski and impute the supposed actions of any one individual Defendant to Mr. Williams is simply improper and would not enable Plaintiff's claims against Mr. Williams to survive a motion to dismiss. *See, e.g.*, Compl. ¶¶ 9, 27, 55, 63 (alleging conduct of "Galen Directors").

36. Federal Rule of Civil Procedure 12(b)(6) states that a court may dismiss a complaint for failure to state a claim upon which relief can be granted. To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007). This standard requires the plaintiff to establish "a reasonable likelihood of mustering factual support for these claims," *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir 2007), by "sufficiently alleg[ing] facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007); *see also Williams v. Bureau of Land Mgmt.*, No. 07-cv-02626-EWN-MEH, 2008 WL 3539279, at *1 (D. Colo. Aug. 12, 2008). The burden rests with the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *See Twombly*, 550 U.S. at 556. Indeed, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, the "mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Jones v. Lehmkuhl*, No. 11-cv-02384, 2013 WL 6728951, at *8 (D. Colo. Dec. 20, 2013) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).

37. Here, by lumping together the individual Defendants as "Galen Directors," Plaintiff seeks to avoid his obligation to state a plausible claim for relief with respect to each Defendant (and particularly Mr. Williams). Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff provide "more than unadorned, the-defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, Rule 8 requires that a claim be stated clearly enough to provide each defendant fair opportunity to respond. *See, e.g.*, *Tucker v. J.P. Morgan Chase Bank, N.A.*, No. 10-cv-959, 2011 WL 280962, at *2-3 (D. Nev. Jan. 25, 2011) (holding that a complaint that lumps all of the defendants together should be

dismissed for "fail[ing] to provide the defendants with a basis to form a responsive pleading"); *Procentury Ins. Co. v. Harbor House Club Condominium Ass'n*, 652 F. Supp. 2d 552, 560-61 (D.N.J. 2009) (holding that complaint failed to state claim where plaintiff "completely ignor[ed] the[] respective and differing roles" of defendants and "simply lump[ed] the two agents together with no factual allegations directed" at one of the defendants); *Swiss Reinsurance A. Corp. v. Access Gen. Agency, Inc.*, 571 F. Supp. 2d 882, 885-86 (N.D. Ill. 2008) (dismissing a complaint where plaintiff lumped all defendants together because complaint did not inform each defendant as to their respective wrongdoing); *see also Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011) (stating that complaint that "lump[ed] four named defendants" together was insufficient to state claim, because pleading "fail[ed] to identify specific actions taken by particular defendants"); *accord Dedrick v. Wilner*, No. 09-cv-02662, 2011 WL 782694, at *3-4 (D. Colo. Jan. 6, 2011); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 699, 702 (5th Cir. 1999) (upholding denial of motion to remand, and stating that non-specific allegations contributed to a finding of improper joinder).

38. The Complaint's group pleading of allegations concerning "Galen Directors" thus falls short of the pleading requirements of the Federal Rules and would not survive a motion to dismiss. Further, with respect to Mr. Williams, the Complaint's deficient allegations make clear that no cause of action is adequately pleaded against Mr. Williams and, in fact, no cause of action lies against Mr. Williams. *See Frontier Airlines*, 758 F. Supp. at 1403.

39. Indeed, the Complaint relies ***exclusively*** on allegations concerning the supposed conduct of the "Galen Directors" to support its assertion of claims against Mr. Williams, in that it contains not a single allegation of conduct by Mr. Williams, but does allege certain (albeit insufficient) conduct purportedly taken by the remaining "Galen Directors." *See* Compl. ¶ 26

(Azad); 32-33 (Soinski); 52 (Azad and Jahns); 56, 62, 66, 68-70 & 72 (Jahns). In other words, Mr. Williams is uniquely situated in that the Complaint reflects a complete failure to allege even a single fact to suggest that Mr. Williams had ***any*** role in the conduct alleged.

40. In short, the Complaint reflects a wholesale failure to allege any facts whatsoever related to what Mr. Williams knew about the complained-of transactions, how Mr. Williams could have breached his fiduciary duties of care or loyalty, what material misstatements Mr. Williams fraudulently or negligently made, or what information material to the claims in suit that Mr. Williams fraudulently or negligently failed to disclose.

41. Because the Complaint alleges no facts whatsoever concerning Mr. Williams, it does not establish – as it must – a reasonable basis in either the alleged facts or the applicable law to believe Plaintiff might succeed on at least one claim against Mr. Williams, the sole non-diverse defendant. *See Nerad*, 203 F. App'x at 913; *see also Frontier Airlines*, 758 F. Supp. at 1403-05 (joinder of a resident defendant against whom no cause of action is pleaded, or against whom there is in fact no cause of action, will not defeat removal). As a result, Mr. Williams is fraudulently joined, and complete diversity of citizenship exists among the properly joined parties.

42. This Notice of Removal is filed within 30 days of Defendants' Waiver and Acceptance of Service of the Complaint and is thus timely filed under 28 U.S.C. § 1446(b).

43. Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district court has original jurisdiction over the subject matter under 28 U.S.C. § 1332 because the properly joined Plaintiff and Defendants are diverse in citizenship and the amount in controversy in this action exceeds, exclusive of interest and costs, the sum of $75,000. *See, e.g.*, Compl. ¶¶ 25, 112 (seeking, among other things, rescission

of Plaintiff's $500,000 investment in MIH). Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district.

44. Defendants will promptly file a copy of this Notice of Removal with the Jefferson County District Court Clerk.

Defendants join together pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, and remove this action for trial from the Jefferson County District Court to this Court.

Dated: April 17, 2015

Respectfully submitted,

*Brian L. Duffy*

Brian L. Duffy
Greenberg Traurig LLP
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202-5858
(303) 572-6545 Telephone
(303) 572-6540 Facsimile
duffyb@gtlaw.com

Troy S. Brown
Dana E. Becker
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
(215) 963-5000 Telephone
(215) 963-5001 Facsimile
tsbrown@morganlewis.com
dana.becker@morganlewis.com

**CERTIFICATE OF SERVICE**

This is to certify that on this 17th day of April 2015, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was mailed via U.S. Mail, postage pre-paid to the following:

Glen E. Summers, Esq.
BARLIT BECK HERMAN PALENCHAR & SCOTT LLP
1899 Wynkoop Street, 8th Floor
Denver, Colorado 80202

*s/ Karen R. Loveland*
Karen R. Loveland