IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00822

CHRISTOPHER CONE,

  Plaintiff,

v.

MEDICAL IMAGING HOLDINGS, INC., a Delaware Corporation; CONSENSYS IMAGING SERVICE, INC., a Delaware Corporation; GALEN PARTNERS IV, a Delaware Limited Partnership, GALEN PARTNERS V, a Delaware Limited Partnership, GALEN INTERNATIONAL IV, GALEN INTERNATIONAL V, a Delaware Limited Partnership, GALEN EMPLOYEE IV, a Delaware Partnership, DAVID JAHNS, DAVID AZAD, BILL WILLIAMS, JEFF SOINSKI,

  Defendants.

---

**PLAINTIFF'S RESPONSE TO THE COURT'S APRIL 27, 2015 ORDERS TOGETHER WITH ITS BRIEF IN SUPPORT OF MOTION TO REMAND**

---

Plaintiff Christopher Cone hereby responds to the Court's April 27, 2015 Orders to respond to Defendants' Notice of Removal, (Doc. 11), and to Show Cause (Doc. 12).  Plaintiff also files this brief in support of its Motion to Remand this action to the District Court of Jefferson County, pursuant to 28 U.S.C. § 1447(c), on the grounds that this Court lacks subject matter jurisdiction because Plaintiff Cone and Defendant Williams are both citizens of the State of Colorado.  Because complete diversity of citizenship is absent, there is no jurisdiction under 28 U.S.C. § 1332(a), and this action must be remanded to state court.

### Summary of Plaintiff's Claims

This case was filed by Plaintiff Cone, a citizen and resident of Golden, Colorado.  It arises out of, among other things, the conduct of certain majority shareholder-appointed directors in a company called Medical Imaging Holdings, Inc. ("MIH").  Plaintiff was one of the founding members of a corporate predecessor of MIH, called Echoserve, a company that was also based in

Golden, Colorado. *Complaint* ¶ 13. Echoserve was sold to MIH, after which Echoserve became part of an MIH wholly-owned subsidiary called Unisyn Medical Technologies, Inc. ("Unisyn"). Unisyn's principal place of business was also Golden, Colorado. *Id.* ¶ 20. In 2013, MIH sold substantially all of its assets in Unisyn to General Electric Healthcare, Inc. ("GE") for $20,000,000 (the "Asset Sale"). *Id.* ¶ 11. After the GE Asset Sale, MIH re-named what remained of Unisyn as Consensys Imaging Service, Inc. ("CIS"). *Id.* ¶¶ 1-12.

Plaintiff Cone is a minority shareholder in MIH. *Id.* ¶ 3, 26. The majority shareholders of MIH are various private equity funds that are organized as Delaware Limited Partnerships, and are collectively referred to as "Galen Partners" or "Galen." *Id.* ¶ 4. Galen is in the business of private equity funding, and, as the majority shareholders in MIH, controls the company. *Complaint* ¶ 4. Galen Partners appointed certain individuals to serve on the MIH Board of Directors and represent its interests. Four of those individuals are named as Defendants here. They are David Jahns, Jeff Soinski, David Azad, and Bill Williams. *Id.* ¶ 9. These Directors were either Galen Managing Partners, or what Galen called "Special Venture Partners." *Id.* ¶¶ 5-9.

As alleged in the Complaint, Defendant Williams was a "Special Venture Partner" of Galen. *Id.* ¶ 8. Instead of acting as the independent director he was supposed to be, Defendant Williams, along with the other director Defendants, served the interests of Galen, the majority shareholders. *Id.*

Plaintiff further alleges that the Galen Directors engaged in a pattern of wrongdoing designed to further the interests of Galen at the expense of the minority shareholders. *See, e.g., id.* ¶¶ 24, 47-48; 32-38, 45-52, 55, 58, 74. As one of the Galen Directors, Defendant Williams, acting in concert with the other Director Defendants, routinely dismissed Plaintiff from MIH

Board meetings even though Plaintiff was the minority shareholder representative on the Board. *Id.* ¶¶ 47-48.  These dismissals from Board meetings were part of a pattern of concealment consisting of side deals with Galen appointed executives in order to cover up misrepresentations Galen had made regarding certain MIH pro formas, *id.* ¶¶ 32-38 (detailing misrepresented financials); ¶¶ 49-52, 74 (detailing improper payments made at the direction of Galen Board Members to compensate for past misrepresentations), and the anticipated use of proceeds from the Asset Sale to GE. *Id.* ¶¶ 45-48, 55, 58 (allegations that Galen Directors, including Defendant Williams, routinely dismissed Plaintiff from Board Meetings as part of the withholding of material information regarding the planned use of the proceeds from the Asset Sale, including planned payouts to Galen-installed executives, meant partly to cover up Galen misrepresentations regarding earlier transactions).

Plaintiff also alleges the Galen Directors have caused MIH to breach its own Restated Certificate of Incorporation by not disbursing the funds to shareholders from the GE Asset Sale. *Id.* ¶¶ 55, 59.  The Asset Sale constituted a "Liquidation Event," and therefore the Certificate of Incorporation required the funds to be distributed.  *Id.* ¶ 11, 55-59.  Williams and the other Galen Directors also failed to provide material information to Plaintiff regarding their proposed planned use of proceeds from the Asset Sale and have instead allowed MIH to dilute those proceeds.  *Id.* ¶ 55-58, 60.  Although the Asset Sale took place nearly two years ago, Galen and the Galen directors have caused MIH, contrary to its own Certificate of Incorporation, to pay out sham "bonuses" and "change in control" payments out of the proceeds of the sale to the Galen appointed executives, *id.* ¶¶ 49, 52, dissipating more than 40% of the proceeds of the sale, *id.* ¶¶ 56, 73, and to sit on the balance in breach of the requirement to return the funds from the Asset Sale to the shareholders.  *Id.* ¶ 55.

Through this pattern of conduct, the Galen Directors—including Williams—breached their duties of due care and loyalty. *Id.* ¶¶ 93, and made negligent or fraudulent misrepresentations to minority shareholders. *Id.* ¶¶ 95-110.

Attempting to avoid having to answer to a Colorado State Court sitting in Jefferson County, where the business at issue was operated and the Board meetings regularly took place, Defendants removed the case to this Court contending Cone's claims against Williams are sham and should be ignored.

### Defendants' Bear the Burden of Supporting Removal to This Court

When defendants remove a case to federal court, they bear the burden of proving subject matter jurisdiction, including all grounds necessary to support removal. *Merida Delgado,* 428 F.3d at 919 (10th Cir. 2005). The burden of establishing federal jurisdiction on the party seeking removal is "substantial." *Rodgers v. United Air Lines, Inc.*, No. 13-CV-00218-CMA-MEH, 2013 WL 1951673, at *2 (D. Colo. May 9, 2013).

Moreover, "all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citing *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957), *cert. denied*, 355 U.S. 907 (1957)). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the federal courts'] constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005) (citations omitted) (superseded on other grounds, 420 F.3d 1090 (10th Cir. 2005); *Bio-Tec Envtl., LLC v. Adams*, 792 F. Supp. 2d 1208, 1213 (D.N.M. 2011) (same).

**Defendant's Burden of Showing Fraudulent Joinder is Heavy; Any Possibility of Recovery Against the Joined Party Defeats Removal**

Defendants acknowledge diversity of citizenship does not facially exist, but contend that one of the four Galen Board members – Defendant Williams – was "fraudulently joined." As Defendants' own cases make clear, "[i]n order to prove fraudulent joinder, the removing party must show either that there is *no possibility* that the plaintiff would be able to establish a cause of action against the resident defendant in state court; *or that there has been outright fraud* in plaintiff's representations as to jurisdictional facts." *Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F. Supp. 1399, 1404 (D. Colo. 1989) (emphasis added; citations omitted). Defendant's burden of proving fraudulent joinder "is high; its presentation must be one that 'compels the conclusion that the joinder is without right and made in bad faith . . . .'" *Id. See also, Montano v. Allstate Indemnity*, 211 F.3d 1278, 2000 WL 525592, at *1 (10th Cir. 2000) (unpublished opinion) ("The case law places a heavy burden on the party asserting fraudulent joinder."). In fact, the defendants' burden of showing fraudulent joinder is so high that the Tenth Circuit requires that fraudulent joinder be "established with complete certainty upon undisputed evidence." *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d, 879, 882 (10th Cir. 1967); *see also Rodgers v. United Air Lines, Inc.*, No. 13-CV-00218-CMA-MEH, 2013 WL 1951673, at *1 (D. Colo. May 9, 2013) (same).

Where a defendant does not allege fraud in the pleading of jurisdictional facts, the sole issue before the court is whether plaintiff has stated a basis for recovery against resident defendants under state law. *Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F. Supp. 1399, 1404 (D. Colo. 1989) (citations omitted). "If there is *even a possibility* that the state court would find that the complaint states a cause of action against the resident defendant, the federal court

must find that the joinder was proper and remand the case to state court." *Frontier Airlines,* 758 F. Supp. at1404 (emphasis added).

In making this determination, the court must evaluate all factual issues and questions of law in favor of the plaintiff.  But the standard for proving fraudulent joinder "is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action commenced." *Montano,* 211 F.3d 1278, 2000 WL 525592, at *2.

## The Complaint Alleged a Cognizable Claim Against Defendant Williams

Defendants do not allege fraud in the pleading of jurisdictional facts. Instead, they claim that the Complaint does not state a basis for recovery against Defendant Williams.  Defendants contend that Plaintiff's allegations against Defendant Williams are deficient under the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), claiming Plaintiff does not sufficiently allege Defendant Williams' participation in the wrongdoing.

Defendants are wrong.  The Complaint does state a plausible claim for relief against Defendant Williams:  Plaintiff alleged that Defendant Williams was a Galen appointed Board Member; did not act as the independent director he was supposed to be; attended Board meetings where he helped to conceal certain Board deliberations from Plaintiff, the minority shareholder representative; and, as a Galen Director, took part in approving improper payments to Galen installed executives from the proceeds of the Asset Sale, withheld material information about the planned use of those proceeds from the Asset Sale, and breached duties of loyalty and care by improperly causing MIH to breach its Certificate of Incorporation in refusing to return funds from the GE Asset Sale to shareholders.  *Complaint,* ¶¶ 8, 47-48, 32-38, 45-52,74, 55-56, 58-59.

Defendants protest that the Complaint makes allegations against Defendant Williams as part of the group of other Galen Directors, each of whom engaged in the same conduct.

Defendants would apparently require the complaint to say: "A did X, B did X, and C did X,"

instead of alleging that "They all did X." Nothing in Fed. R. Civ. P. 8 (or Colo. R. Civ. P. 8,

pursuant to which this case was filed), the Court's decision in *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544 (2007)*,* or any of its progeny prohibit such concise and efficient pleading.

Both the Federal Rules of Civil Procedure and the Colorado Rules of Civil Procedure 8

provide for notice pleading, requiring that a complaint contain "a short and plain statement"

showing that the pleader is entitled to relief. Fed. R. Civ. P. 8; *See also* C.R.C.P. 8 (same).[1] All

well-pleaded factual allegations are accepted as true and construed in the light most favorable to

the plaintiff. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

Nothing in *Twombly* requires elaborate fact pleading. *Id.* at 555 (a complaint "does not

need detailed factual allegations.").[2] Plaintiff's obligation at the pleading stage is to provide "the

defendant fair notice of what the . . . claim is and the grounds on which it rests." *Twombly*, 550

U.S. at 555. A complaint need only "raise a right to relief above the speculative level," pleading

enough facts to "state a claim to relief that is plausible on its face." *Id.* at 555, 566.

---

[1] Defendants cite to federal pleading rules and standards. Of course, the Complaint was brought in the Colorado Jefferson County District Court, and the question for purposes of determining improper joinder is whether the "*state court* would find that the complaint states a cause of action," *Frontier Airlines*, 758 F. Supp. at 1404 (emphasis added). "A claim which can be dismissed only after an intricate analysis of *state law* is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Montano v. Allstate Indemnity*, 211 F.3d 1278, 2000 WL 525592, at *2 (citing *Batoff v. State Farm Ins. Co*., 977 F.2d 848, 853 (3rd Cir. 1992)) (emphasis added). Nevertheless, Plaintiff has also met federal pleading standards in this case.

[2] In *Aschcroft v. Iqbal*, the Court again reaffirmed the Rule 8 pleading requirements and reiterated the core pleading precept: A complaint need not contain "'detailed factual allegations.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (making clear that even under the new "plausibility" regime, a complaint need not provide "specific facts" but need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (quoting *Twombly*, 550 U.S. at 555); *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007) (same); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1183 (N.D.Cal.2009).

As shown above, Plaintiff's Complaint does just that.  Plaintiff's allegations are, and were intended to be, inclusive with respect to the conduct of the Galen appointed Board Members.  Plaintiff alleges that *all* of the Board members attended Board meetings, represented the interests of Galen above those of MIH's shareholders, and, among other things, improperly caused MIH to breach its Certificate of Incorporation.  The Complaint puts Defendant Williams on fair notice of plausible claims with enough information to draw a "reasonable inference" that he may be liable, *Iqbal*, 556 U.S. at 663.  Defendants have not met their "heavy burden" to show "no possibility" of a cause of action against Defendant Williams.

Courts routinely allow complaints that refer to groups of similarly situated defendants in alleging the conduct in which those similarly situated defendants participated.  In *In re: TFT–LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179 (N.D.Cal.2009), the Court found the complaints plausibly suggested each defendant's participation in a multinational conspiracy, *id.* at 1185, even though twenty-six different named defendants were lumped together as "defendants" or groups of defendants sorted by country or corporate family.  *Id.* at 1184.  Similarly, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 738 F. Supp. 2d 1011, 1019 (N.D.Cal. 2010), the court found that although plaintiffs often referred to a corporate family by a single name, the complaint had alleged that individual defendants and employees engaged in conspiratorial meetings on behalf of members of their corporate families, and therefore the complaint did not need to call out the particular name of each individual defendant when alleging conduct showing illegal agreement.

Where complaints provide allegations regarding "the activities of the group," even where "not on a defendant-by-defendant basis," they can survive a motion to dismiss if they adequately link the group to the wrongdoing.  *See In re: Fresh & Process Potatoes Antitrust Litig.*, 834 F.

Supp. 2d 1141, 1163-64 (D. Idaho 2011) (rejecting claim that the activities of the group needed

to be alleged on a defendant-by-defendant basis and refusing to dismiss conspiracy allegations

against a group of grower defendants where the complaint answered the basic questions about

the conduct the group engaged in, finding that "the moving defendants have "an idea of where to

begin" in responding to the complaint.") (citations omitted); *In re OSB Antitrust Litig.*, No. 06-

826, 2007 WL 2253419, at \*5 (E.D. Pa. Aug. 3, 2007) (plaintiffs satisfied post-*Twombly*

pleading requirement even though complaint contained only "one lone paragraph" alleging each

named defendant joined the overall price-fixing conspiracy and holding that the conspiracy

allegations "need not be detailed defendant by defendant.").

        As detailed above, the Complaint here meets these standards.  Defendant Williams has

more than fair notice of plausible claims.  *Cf. In re Optical Disk Drive Antitrust Litig.*, No.

10-md-02143-RS, ECF No. 1586 (N.D. Ca. April 28, 2015) (refusing to dismiss claims for

breach of contract against individual defendants where complaint contained only generalized

allegations that all defendants entered into contracts but did not set out the specific contracts on a

defendant by defendant basis, reasoning that the "allegations are sufficient to state a contract

claim, and provide defendants with adequate notice.")

        The cases Defendants cite, on the other hand, are all cases where the complaints on their

face failed to give a particular defendant fair notice of a plausible cause of action.  In those cases,

the dismissed defendants were not – as here – part of a small discrete group of individuals that

owed the same duties to Plaintiff, acting together to breach those duties.

        For instance, *ProCentury Ins. Co.* was a case involving allegations against both the

agents for the insurer and the insured, without distinguishing between their differing roles as

agents for different parties, and without any allegations of what duties the agents for the

insurance company owed Plaintiff or how they failed to fulfill those duties. *ProCentury Ins. Co. v. Harbor House Club Condo. Ass'n, Inc.*, 652 F. Supp. 2d 552, 560 (D.N.J. 2009) (complaint ignored the "respective and differing roles as agents for the insurer and insured"). Similarly, *Brown v. Montoya* involved a § 1983 claim against named and un-named state employees without any allegations as to what actions were taken by the different state employees, each of which had "different powers and duties." 662 F.3d 1152, 1165 (10th Cir. 2011). *Dedrick v. Wilner* was also a case against state employees for alleged unconstitutional acts, yet the complaint failed to allege that any particular defendant was personally involved in the unconstitutional conduct, as required in a *Bivens* case. No. 09-cv-02662-CMA-MJW, 2011 WL 782694, at *3 (D. Colo. Jan. 6, 2011). The Complaint here, however, clearly lays out the position of each of the Galen Directors, their common fiduciary duties, and the conduct they took in breach of those duties.

Also inapposite is the *Swiss Reinsurance* case, where the Plaintiff did not actually allege a breach of contract as to any defendant, because it did not allege enough facts to determine which of four different contracts was at issue, or even which defendants were parties to which contract. Because not all of the defendants were parties to each agreement, and nonparties to a contract are not liable for its breach, the court found that the complaint failed to state a claim. *Swiss Reinsurance Am. Corp. v. Access Gen. Agency, Inc.*, 571 F. Supp.2d 882, 885-86 (N.D. Ill 2008). Here, the Complaint clearly identifies the agreement (the corporate charter) and alleges that the Galen Board members have caused MIH to breach that charter as part of the basis for liability of the Galen Board members.

Finally, the *Griggs* case involved a claim against an insurance agent of State Farm Lloyds, where the complaint alleged nothing more than that the agent issued an insurance policy.

The factual allegations and legal claims, however, focused "solely upon State Farm Lloyds'

conduct in the processing and ultimate denial of his claim." *Griggs v. State Farm Lloyds*, 181

F.3d 694, 699 (5th Cir. 1999).  Here, unlike in *Griggs,* the factual allegations and legal claims

focus on the conduct of the Galen Directors in breaching their clearly established fiduciary

duties.

Since Defendants have failed to show "*no possibility* that the plaintiff would be able to

establish a cause of action against the resident defendant in state court," *Frontier Airlines, Inc.,*

758 F. Supp. at 1404*,* this case should be remanded for lack of diversity jurisdiction.

## The Citizenship of Partners in the Galen Funds
## May be An Independent Grounds for Remand

Defendant Williams may not be the only Defendant who is a Colorado citizen.  In its

Order to Show Cause, (Doc. 12), the Court indicated the need to consider the citizenship of all

partners in the various named Galen Funds in order to determine whether diversity jurisdiction

exists.  This information is in the exclusive possession of Defendants, the parties seeking to

invoke the jurisdiction of the federal court based on diversity of citizenship.  As the Court has

pointed out, the party invoking the jurisdiction of the federal court bears the burden of

establishing that jurisdiction is proper, *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir.

2005).  Therefore Plaintiff respectfully submits that Defendants are the parties who bear the

burden of revealing the identities and citizenship of the Limited Partners.  If there are Limited

Partners who are citizens of Colorado, as the Court has noted, this too – in addition to the

citizenship of Defendant Williams – would defeat diversity.  *C.T. Carden v. Arkoma Assoc.*, 494

U.S. 185, 205 (1990) (citizenship of limited partners had to be taken into account to determine

diversity of citizenship); *Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1180

(10th Cir. 2015), *as amended* (Jan. 27, 2015) (following *Carden* in holding that diversity

jurisdiction in a suit by or against an entity depends on the citizenship of all the members).


Dated: May 4, 2015                              Respectfully submitted,

                                                BARTLIT BECK HERMAN PALENCHAR &
                                                   SCOTT LLP

                                                */s/ Glen E. Summers* .
                                                Glen E. Summers
                                                1899 Wynkoop Street, Suite 800
                                                Denver, Colorado 80202
                                                Telephone: (303) 592-3100
                                                Facsimile:   (303) 592-3140
                                                glen.summers@bartlit-beck.com
                                                *Attorney for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on May 4, 2015, a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record:

Brian L. Duffy
Greenberg Traurig LLP
1200 Seventeenth Street, Suite 2400
Denver, CO 80202-5858
duffyb@gtlaw.com

Troy S. Brown
Dana E. Becker
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
tsbrown@morganlewis.com
dana.becker@morganlewis.com
*Attorneys for Defendants*

/s/ Glen E. Summers                        .
Glen E. Summers
1899 Wynkoop Street, Suite 800
Denver, Colorado 80202
Telephone: (303) 592-3100
Facsimile:   (303) 592-3140
glen.summers@bartlit-beck.com
*Attorney for Plaintiff*

13